# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: CR 06-60079-1-AA<br>CR 06-60122-1-AA |
| CHELSEA DAWN GERLACH, | USM Number: 69097-065 |
| | Craig Weinerman & Patrick Ehlers<br>Defendant's Attorney |
| | Stephen Peifer, Kirk Engdall & John Ray<br>Assistant U.S. Attorney |

**THE DEFENDANT:**

[X]   pleaded guilty to Counts 1-18 in Case No. 06-60079-1-AA of the Information and Counts 1-8 in Case No. 06-60122-1-AA. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Commit Arson and Destruction of an Energy Facility | beginning in October 1996 & continuing through October 2001 | 1 in Case No. 06-60079 |
| 18 USC § 844(I) & 2 | Arson | beginning on May 9, 1999 & continuing through May 21, 2001 | 2, 3, 5 & 7-18 in Case No. 06-60079 |
| 18 USC § 1366(a) | Destruction of an Energy Facility | on or about December 30, 1999 | 4 in Case No. 06-60079 |
| 18 USC § 844(i) & 2 | Attempted Arson | on or about May 21, 2001 | 6 in Case No. 06-60079 |
| 18 USC § 844 (i) & 2 | Arson | October 19, 1998 | 1-8 in Case No. 06-60122 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[X]   The defendant shall pay a special assessment in the amount of $2600.00 for Counts 1-18 in Case No. 06-60079 and Counts 1-8 in Case No. 06-60122, payable immediately to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances.

May 25, 2007
Date of Imposition of Sentence

_____
Signature of Judicial Officer

ANN AIKEN, UNITED STATES CHIEF DISTRICT JUDGE

Name and Title of Judicial Officer

June 4th, 2014

Amended Date
**(Amended to add co-defendant, Rebecca Rubin to the joint and several restitution).**

# IMPRISONMENT

As to Count 1 in Case No. 06-60079, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **sixty (60) months**. As to Count 2 through 18 in Case No. 06-60079, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred and eight (108) months, to be served concurrent with the sentence imposed in Count 1 and with each other.** As to Counts 1 through 8 in Case No. 06-60122, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred and eight (108) months, to be served concurrent with the sentence imposed in Case No. 06-60079 and with each other.**\*

[X] The court makes the following recommendation to the Bureau of Prisons: FCI, Dublin, CA.

[X] The defendant is remanded to the custody of the United States Marshal.

**\* The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized in Title 18 USC § 3585(b) and the policies of the Bureau of Prisons.**

[ ] The defendant shall surrender to the United States Marshal for this district:

     [ ]    at _____ [ ] a.m.   [ ] p.m. on_____ .

     [ ]    as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     [ ]    before 2:00 p.m. on _____ .

     [ ]    as notified by the United States Marshal and/or Pretrial Services.

---

The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

---

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY_____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties section of this judgment.

The defendant shall comply with the Standard Conditions of Supervised Release that have been adopted by this court as set forth in this judgment. The defendant shall also comply with the Special Conditions of Supervision as set forth below and any additional conditions attached to this judgment.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, if required by law.

2. The defendant shall pay full restitution to the victims identified in this Judgment in the amount of $15,894,755.42, joint and several with Kevin Tubbs, Case No. 06-60070; Stanislas Meyerhoff, Case No. 06-60078 and 06-606122; Daniel Gerard McGown, Case No. 06-60124; Josephine Overaker, Case No. 06-60011; Suzanne Savioe, Case No. 06-60080; Nathan Block, Case No. 06-60123; Joyanna Zacher, Case No. 06-60126; Jacob Ferguson; **and Rebecca Rubin, Case No. 6:13 CR 00471-1-AA.** If there is any unpaid balance at the time of release from custody, it shall be paid at the maximum installment possible and not less than $200.00 per month or 10% of gross income per month, whichever is greater.

3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer.

4. The defendant shall authorize release to the US Probation Officer any and all financial information by execution of a release of financial information form, or by any other appropriate means, as directed by the probation officer.

5. The defendant's employment shall be subject to approval by the probation officer.

6. The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500.00 without the approval of the probation officer.

7. The defendant shall have no contact with individuals known to be involved or have been involved in any environmental or animal rights activism.

8. The defendant shall not participate in any environmental or animal rights activism or belong to any groups or organizations whose primary purpose is environmental and animal rights activism.

# STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing or future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.
2. The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.
3. The defendant shall not possess a firearm, destructive, or dangerous device.
4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.
5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn other residents that the premises may be subject to searches pursuant to this condition.
6. The defendant shall not leave the judicial district without the permission of the court or probation officer.
7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.
9. The defendant shall support his or her dependents and meet other family responsibilities to the best of his or her financial ability.
10. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
11. The defendant shall notify the probation officer **within 72 hours** of any change in residence or employment.
12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. If, at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or is abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of the arms, neck, face, and lower legs.
13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.
14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
15. The defendant shall permit a probation officer to visit him or her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.
16. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer.
17. The defendant shall not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the court.
18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED 11/2011
         Sheet 5 – Criminal Monetary Penalties

DEFENDANT: GERLACH, CHELSEA DAWN                                        Amended Judgment–Page 6 of 7
CASE NUMBER: CR 06-60079-1-AA

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this Judgment:

|  | Assessment (as noted on Sheet 1) | Fine | Restitution | TOTAL |
|---|---|---|---|---|
| **TOTALS** | $2600.00 | $0 | $15,894,755.42 | $15,897,355.42 |

[ ] The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

[X] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss* | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Jefferson Poplar Farms<br>Green Wood Resources<br>Attn: Managing Director<br>302 Nehalem St.<br>Clatskanie, OR 97228 | $994,412.42 | $994,412.42 | |
| Vail Resorts Management Co.<br>Director of Insurance<br>390 Interlocken Crescent, Suite 1000<br>Broomfield, CO 80021 | $12,000,000 | $12,000,000 | |
| Childers Meat Co.<br>PO Box 41058<br>Eugene, OR 97404 | $1,177.000 | $1,177.000 | |
| Boise Cascade<br>PO Box 100<br>Medford, OR 97501 | $1,689,593 | $1,689,593 | |
| BPA<br>Attn: Tammy Jenks - FT2<br>PO Box 3621<br>Portland, OR 97208-3621 | $32,000 | $32,000 | |
| City of Eugene<br>Eugene Police Dept.<br>300 Country Club Road<br>Eugene, OR 97401 | $1,750 | $1,750 | |
| **TOTAL** | $15,894,755.42 | $15,894,755.42 | |

AO 245B (Rev. 09/11) Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED 11/2011
Sheet 5 – Criminal Monetary Penalties

DEFENDANT: GERLACH, CHELSEA DAWN
CASE NUMBER: CR 06-60079-1-AA

Amended Judgment–Page 7 of 7

The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the $15,894,755.42 restitution.

The defendant shall pay full restitution to the victims identified in this Judgment in the amount of $15,894,755.42, joint and several with Kevin Tubbs, Case No. 06-60070; Stanislas Meyerhoff, Case No. 06-60078 and 06-606122; Daniel Gerard McGown, Case No. 06-60124; Josephine Overaker, Case No. 06-60011; Suzanne Savioe, Case No. 06-60080; Nathan Block, Case No. 06-60123; Joyanna Zacher, Case No. 06-60126; Jacob Ferguson; **and Rebecca Rubin, Case No. 6:13 CR 00471-1-AA.** If there is any unpaid balance at the time of release from custody, it shall be paid at the maximum installment possible and not less than $200.00 per month or 10% of gross income per month, whichever is greater.